BLANK ROME LLP
Jeffrey Rosenfeld (SBN 221625)
jeffrey.rosenfeld@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434

Attorney for Plaintiff / Judgment Creditor Jane Doe

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff / Judgment Creditor,<br><br>v.<br><br>JONATHAN REES a/k/a GREG ELLIS a/k/a JONNY REES,<br><br>　　　　Defendant / Judgment Debtor. | Case No. 2:25-cv-07877-TJH (MBKx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER**<br><br>DATE: August 3, 2026<br>TIME: (No Appearance Necessary)<br>COURTROOM: 9C<br><br>Judge:  Hon. M Terry J. Hatter Jr. |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER**

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................... 5

II.     FACTUAL AND PROCEDURAL BACKGROUND .................................... 6

    A.      The California Domestic Violence Action ........................................... 6

    B.      The New York Actions ........................................................................ 6

    C.      The Indiana Action and Default Judgment ........................................... 7

    D.      Registration of Judgment and Writ of Execution ................................ 8

    E.      The SAG-AFTRA Residual Payments .................................................. 8

    F.      Pre-Filing Meet And Confer Efforts .................................................... 9

III.    LEGAL STANDARD ................................................................................ 9

    A.      Assignment Order .............................................................................. 10

    B.      Restraining Order .............................................................................. 11

IV.     ARGUMENT ........................................................................................... 11

    A.      Plaintiff Is Entitled to an Assignment Order ...................................... 11

        1.      The Amount Remaining Due on the Money Judgment ............ 11

        2.      The Amount Being or To Be Received in Satisfaction of the Right to Payment That May Be Assigned ................................ 12

        3.      The Reasonable Requirements of the Judgment Debtor .......... 12

        4.      Payments The Judgment Debtor Is Required to Make ............. 13

    B.      Plaintiff Is Entitled to a Restraining Order ........................................ 14

V.      CONCLUSION ........................................................................................ 15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cavellini v. Harris*,
   No. 93-CV-00057-SBA (KAW), 2015 WL 6954896 (N.D. Cal.
   Nov. 10, 2015) ...................................................................................................9

*Choice Hotels Int'l Inc. v. Singh*,
   No. 2:15-mc-144-GEB-EFB, 2017 WL 3773774 (E.D. Cal. Aug.
   31, 2017) ........................................................................................................ 10

*Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*,
   159 F.3d 412 (9th Cir. 1998) .............................................................................9

*Est. of Kempton v. Kinney*,
   91 Cal. App. 5th 189, 308 Cal. Rptr. 3d 249 (Ct. App. 2023) .......................... 10

*Fed. Deposit Ins. Corp. v. Hyun*,
   No. 5:12-CV-04749, 2016 WL 7212311 (N.D. Cal. Dec. 13, 2016).................. 12

*Hellmich v. Mastiff Contr.*,
   No. SA CV 14-1354, 2017 WL 10607255 (C.D. Cal. Jan. 10, 2017) ............... 10

*Hendricks & Lewis PLLC v. Clinton*,
   No. CV10-09921-ODW, 2014 WL 12558272 (C.D. Cal. Dec. 5,
   2014) ..................................................................................................................7

*Innovation Ventures, LLC v. N2G Distributing, Inc.*,
   No. SACV 12-717 ABC (Ex), 2014 WL 10384606, at *7 (C.D. Cal.
   May 1, 2014)..................................................................................................... 14

*Kelly v. Hickman*,
   No. 3:22-mc-00296, 2024 WL 3596855 (S.D. Cal. July 30, 2024)................... 10

*Smaato, Inc. v. Mobilewalla, Inc.*,
   No. 16-CV-05162-JSC, 2017 WL 7243373 (N.D. Cal. Apr. 12,
   2017) ................................................................................................................ 14

*Telecom Asset Mgmt., LLC v. FiberLight, LLC*,
   No. 14-CV-00728-SI, 2016 WL 7188008 (N.D. Cal. Dec. 12, 2016) ............... 14

*UMG Recordings, Inc. v. BCD Music Grp., Inc.*,
   No. CV 07-05808 SJO, 2009 WL 2213678 (C.D. Cal. July 9, 2009)................ 10

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER**

**Statutes**

15 U.S.C. § 6851................................................................................................7

28 U.S.C. § 1963................................................................................................8

Cal. Civ. Proc. Code
    § 708.510 ....................................................................................................10
    § 708.510(a).................................................................................................10
    § 708.510(c).................................................................................................10
    § 708.520(a).................................................................................................11

**Other Authorities**

Fed. R. Civ. P.
    69(a)..............................................................................................................9
    69(a)(1) .........................................................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER

## I.      INTRODUCTION

This Motion for an Assignment Order and Restraining Order (the "Motion") seeks to enforce a judgment of $1,000,404.99 entered against Defendant Jonathan Rees a/k/a Greg Ellis a/k/a Jonny Rees ("Rees" or "Defendant").

Plaintiff Jane Doe ("Plaintiff" or "Doe") initiated this enforcement action by registering a judgment that had been issued in her favor, and against Rees, in an action in the United States District Court for the Northern District of Indiana. Plaintiff had alleged in that case that Rees secretly transferred assets with the intent to defraud her. Despite the entry of that judgment, Rees has not paid a single penny toward satisfaction of the judgment. [Rosenfeld Decl., ¶ 2.]

The law provides mechanisms for assigning, to a judgment creditor like Doe, a payment stream owed by a judgment debtor like Rees, referred to as an ***assignment order***, and for an order restraining the judgment debtor from disposing of that payment stream in the interim, referred to as a ***restraining order***. *See* Cal. Civ. Proc. Code §§ 708.510(a), 708.520(a). The statute explicitly contemplates the assignment of payment of royalties, like the payment stream at issue in this motion. *Id.* § 708.510(a)(4).

Plaintiff seeks assignment of residual payments that will be otherwise paid to Rees by the Screen Actors Guild – American Federation of Television and Radio Artists ("SAG-AFTRA"). SAG-AFTRA collects residual payments from production companies and studios and distributes them to performers as compensation for the continued exploitation of their work in secondary markets, including Pay TV, streaming/SVOD, Video/DVD, foreign markets, basic cable, free television, and electronic sell-through. SAG-AFTRA is obligated to pay residuals to Rees—or for his benefit to his loan-out company, Monkey Toes—for his past performances in numerous film and television productions. [Rosenfeld Decl., ¶ 9.] A subpoena response from SAG-AFTRA confirms that Rees (and his loan-out company) has received $272,321.68 in residual payments over

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER**

approximately six years, averaging approximately $45,387 per year. [Rosenfeld Decl., ¶ 9, Exs. 12-13.] Assignment of that income stream to Doe will offset the judgment that is against Rees and in Doe's favor.

The Court should therefore enter an assignment order directing the full amount of residual payments that SAG-AFTRA is obligated to pay to Rees, or for his benefit to any loan-out company or other entity he owns or controls (including but not limited to Monkey Toes), until the judgment is satisfied, and a restraining order preventing Rees from otherwise disposing of or encumbering that income stream, unless and until the judgment is otherwise satisfied.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The California Domestic Violence Action

The litigation between Doe and Rees began when Doe obtained a Domestic Violence Restraining Order ("DVRO") against Rees following a trial on November 14, 2022, in Los Angeles County Superior Court. [Rosenfeld Decl., ¶ 3, Exs. 1-2.] The evidence at trial established that Rees had threatened suicide, threatened to destroy Doe's life and business, threatened to distribute revenge pornography, followed through on his threat by sending sexually explicit photographs of Doe to at least one of her professional clients, and engaged in extortion. [*Id.*] On November 13, 2025, the DVRO was extended for a period of forty years based on the court's finding of continued threats and harassment by Rees. [Rosenfeld Decl., ¶ 3.c, Ex. 3.]

### B.    The New York Actions

On October 31, 2022, Rees filed a petition for an order of protection against Doe in New York, which he supported with apparently forged evidence. [Rosenfeld Decl., ¶ 4.a, Ex. 4.] The evidence presented by Rees included emails and other documents that he represented were authentic. After Rees' counsel was provided with a report by a computer forensics expert that opined Rees had materially

manipulated the emails that he had submitted as evidence in that case, the case was dismissed by Rees' counsel in that case. *Id.*

In or about December 2024, Rees was indicted by a Grand Jury in Chenango County, New York (the "NY Criminal Action"), for the following nine crimes related to his filing of forged documents and his abuse of Doe: (1) Offering a False Instrument for Filing, a felony; (2) Perjury; (3) Making A Punishable False Written Statement; (4) Unlawful Surveillance, a felony; (5) Coercion (for threatening to publish revenge porn showing Doe); (6) Coercion (for threatening to publish information that would subject Doe to hatred, contempt and ridicule); (7) Coercion (for threatening to publish information that would harm Doe's reputation and business); (8) Aggravated Harassment; and (9) Unlawful Dissemination of Intimate Image. [Rosenfeld Decl., ¶ 5.a, Ex. 5.] That criminal action remains pending, and Rees is awaiting trial. [Rosenfeld Decl., ¶ 5.b, Ex. 6.]

Additionally, on October 31, 2023, Doe filed a complaint against Rees in New York, for causes of action that included malicious prosecution and claims under 15 U.S.C. § 6851 for the non-consensual dissemination of intimate images (commonly known as "revenge pornography"). [Rosenfeld Decl., ¶ 6.a, Ex. 7.]

**C.    The Indiana Action and Default Judgment**

On or about February 10, 2025, Doe filed a complaint in Indiana alleging that Rees secretly transferred assets to Indiana with the intent to defraud his creditors. [Rosenfeld Decl., ¶ 7.a, Ex. 8.] Specifically, the complaint alleged Rees had sold his New York home for $999,999 and used the proceeds to purchase a home in Indiana in the name of a foreign trust. Doe also alleged Rees also transferred his Tesla vehicle to a Wyoming limited liability company. These transfers were alleged to have been made to place assets beyond the reach of creditors. [*Id.*]

Default judgment was entered against Rees in the amount of $1,000,404.99. [Rosenfeld Decl., ¶ 2.] Rees then moved to set aside the default, arguing that service was improper. On March 18, 2026, the Indiana court denied Rees's motion

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER**

in a thorough 35-page opinion, finding that service was proper and that Rees had failed to demonstrate excusable neglect or a meritorious defense. [Rosenfeld Decl., ¶ 7.c, Ex. 9.] The judgment that was registered in this action, therefore, remains in full force and effect.

### D.     Registration of Judgment and Writ of Execution

On June 9, 2025, Plaintiff registered the judgment from the Northern District of Indiana in this Court pursuant to 28 U.S.C. § 1963. [Dkt. 1-1.] A Writ of Execution was entered on June 23, 2025. [Dkt. 6.] Despite this enforcement action, Rees has not paid one penny toward satisfaction of the judgment, and the full amount of $1,000,404.99, plus interest accrued on that amount, remains outstanding. [Rosenfeld Decl., ¶ 2.]

### E.     The SAG-AFTRA Residual Payments

Rees is an actor who has appeared in various film and television productions, including *Pirates of the Caribbean: The Curse of the Black Pearl*, *24*, *The X-Files*, *CSI: Crime Scene Investigation*, *Million Dollar Baby*, *The Closer*, and *Gilmore Girls*, among others. As a result of these past performances, Rees receives residual payments through SAG-AFTRA. Residual payments are compensation paid to performers for the continued use and exploitation of their work after initial release in secondary markets, including Pay TV, internet rental/SVOD (streaming), Video/DVD, foreign extended use, basic cable, free television, and electronic sell-through.

Counsel for plaintiff served a subpoena on SAG-AFTRA, which produced a residual payment report (IDN: 00484658) dated November 18, 2025, reflecting total residual payments to Rees of $272,321.68 over approximately six years (January 2020 through November 2025), averaging approximately $45,387 per year. [Rosenfeld Decl., ¶ 9, Exs. 11–13.] These payments derive from various exploitation formats across multiple productions and distribution channels. SAG-AFTRA is obligated to continue paying these residuals to Rees—or for his benefit

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER

to his loan-out company, Monkey Toes—as his past productions continue to be exploited in secondary markets. [Rosenfeld Decl., ¶ 9.d.]

### F.      Pre-Filing Meet And Confer Efforts

On June 5, 2026, counsel for Plaintiff sent an email to attorney Philip Cohen, who represents Mr. Rees in the California DV Action, and asked him to meet and confer regarding this matter. Counsel for Plaintiff followed up with Mr. Cohen on June 9, 2026 and June 12, 2026. On June 15, 2026, Mr. Cohen wrote to counsel for Plaintiff, and stated that Mr. Rees would be retaining a different lawyer to represent him in this action.

On June 18, 2026, attorney Gary Wallace wrote to counsel for Plaintiff that Mr. Rees had retained him in connection with this action, and that he was available to meet and confer that day regarding Plaintiff's contemplated motion. Counsel for Plaintiff and Mr. Wallace then met and conferred that day, and thoroughly discussed the motion and requested relief. The parties were not able to reach an agreement. [Rosenfeld Decl., Ex. 10.] This motion followed.

## III.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a federal district court has the authority to enforce a judgment based on the procedures of the state in which it sits. *See* Fed. R. Civ. P. 69(a)(1). As is relevant here, the California Code of Civil Procedure provides mechanisms for assigning to a judgment creditor a payment stream owed to a judgment debtor (an assignment order), as well as for restraining the judgment debtor from disposing of that payment stream (a restraining order). *See* Cal. Civ. Proc. Code §§ 708.510(a), 708.520(a). Although state law governs, this Court retains the authority to issue an assignment order and restraining order. *See Cavellini v. Harris*, No. 93-CV-00057-SBA (KAW), 2015 WL 6954896, at *4 (N.D. Cal. Nov. 10, 2015) (stating in context of motion for assignment that "state law cannot oust a federal court of subject matter jurisdiction to enforce its own judgments under Federal Rule of Civil Procedure 69(a)"); *see also Cigna Prop. &*

9

*Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998) (federal courts apply state law to enforce money judgments under Rule 69(a)).

### A. Assignment Order

Under Section 708.510 of the California Code of Civil Procedure, a "court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments." Cal. Civ. Proc. Code § 708.510(a). The statute explicitly contemplates assignment of payment of royalties. *Id.* § 708.510(a)(4) (listing royalties as type of payment that may be assigned). As such, courts routinely have assigned royalty payments from a judgment debtor to a judgment creditor. *See, e.g., Hendricks & Lewis PLLC v. Clinton*, No. CV10-09921-ODW (PLAX), 2014 WL 12558272, at *5 (C.D. Cal. Dec. 5, 2014); *UMG Recordings, Inc. v. BCD Music Grp., Inc.*, No. CV 07-05808 SJO (FFMx), 2009 WL 2213678, at *5 (C.D. Cal. July 9, 2009); *Est. of Kempton v. Kinney*, 91 Cal. App. 5th 189, 308 Cal. Rptr. 3d 249, 262–63 (Ct. App. 2023); *Kelly v. Hickman*, No. 3:22-mc-00296, 2024 WL 3596855, at *1 (S.D. Cal. July 30, 2024); *Hellmich v. Mastiff Contr.*, No. SA CV 14-1354 (KESx), 2017 WL 10607255, at *2 (C.D. Cal. Jan. 10, 2017).

In evaluating a request for an assignment order, the Court may consider any relevant factors, including (1) "[t]he reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor"; (2) "[p]ayments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support"; (3) "[t]he amount remaining due on the money judgment"; and (4) "[t]he amount being or to be received in satisfaction of the right to payment that may be assigned." Cal. Civ. Proc. Code § 708.510(c).

Detailed evidentiary support need not accompany a motion for an assignment order; rather, a plaintiff must merely "identify the intended source that is obligated to make payments to the judgment debtor." *See Choice Hotels Int'l Inc. v. Singh*,

10

No. 2:15-mc-144-GEB-EFB, 2017 WL 3773774, at *2 (E.D. Cal. Aug. 31, 2017). Here, that source of the funds is the payment stream that SAG-AFTRA has been sending to Rees, and will be sending in the future.

### B.    Restraining Order

The California Code of Civil Procedure also permits a judgment creditor to apply to the Court "for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned." Cal. Civ. Proc. Code § 708.520(a). A judgment creditor merely must make "a showing of need for the order." *Id.* § 708.520(b).

## IV.    ARGUMENT

### A.    Plaintiff Is Entitled to an Assignment Order

Plaintiff respectfully requests that this Court assign to Plaintiff all residual payments that SAG-AFTRA is obligated to pay to Rees, or for his benefit to any loan-out company or other entity he owns or controls (including but not limited to Monkey Toes), in full until the judgment is satisfied.

As discussed above, courts look to four factors in evaluating a motion for an assignment order. Here, all of the factors weigh in favor of an order requiring Rees to assign his interest in the SAG-AFTRA residual payments to Plaintiff in full.

#### 1.    The Amount Remaining Due on the Money Judgment

In evaluating an assignment order, courts consider "[t]he amount remaining due on the money judgment." Cal. Civ. Proc. Code § 708.510(c). In this case, Rees has not paid a penny toward the $1,000,404.99 judgment, and the entire balance (plus any interest and fees) remains outstanding. [Rosenfeld Decl., ¶ 2.]

Courts have noted that assignment orders are particularly necessary where no portion of a judgment has been paid. For example, in *Nat'l Grange of Order of Patrons of Husbandry v. Cal. Guild*, the court found an assignment order proper where the judgment debtor had not paid any portion of the judgment. No. 2:14-676 WBS DB, 2017 WL 953792, at *2 (E.D. Cal. Mar. 9, 2017). As such, the total

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER

amount of the judgment against Rees remains due, and this factor weighs heavily in favor of Plaintiff.

### 2. The Amount Being or To Be Received in Satisfaction of the Right to Payment That May Be Assigned

Courts also examine "[t]he amount being or to be received in satisfaction of the right to payment that may be assigned." Cal. Civ. Proc. Code § 708.510(c). In other words, this factor ensures that the amount received by virtue of the assignment order does not exceed the amount due on the judgment, and, on the flip side, examines whether the full amount of the future monies needs to be assigned.

Here, SAG-AFTRA pays residual payments to Rees (or for his benefit to his loan-out company, Monkey Toes) totaling approximately $45,387 per year. [Rosenfeld Decl., ¶ 9, Ex. 13.] Given that Rees owes $1,000,404.99 and has not paid a penny toward it, it is necessary for the entire amount of the SAG-AFTRA residual payments to be assigned. Even with full assignment, at the current rate of approximately $45,387 per year, it would take approximately 22 years to satisfy the judgment—not accounting for accruing interest. Indeed, as another court observed, "[i]f substantial payments are not continuously made, the accruing interest on the amount would only make the judgment more difficult to satisfy." *See Fed. Deposit Ins. Corp. v. Hyun*, No. 5:12-CV-04749, 2016 WL 7212311, at \*4 (N.D. Cal. Dec. 13, 2016) (holding that all of judgment debtor's monthly disposable income must be assigned to judgment creditor to satisfy judgment). As such, this factor weighs strongly in favor of assigning Plaintiff the total amount of Rees's SAG-AFTRA residual payments.

### 3. The Reasonable Requirements of the Judgment Debtor

Courts also look to "[t]he reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor." Cal. Civ. Proc. Code § 708.510(c). Although it is not Plaintiff's burden to establish this factor, *see Hyun*, 2016 WL 7212311, at \*3, the SAG-AFTRA residual

payments are supplemental income from Rees's past acting work and are not necessary for his reasonable requirements.

Rees has demonstrated that he has other means of support and income beyond these residual payments. The judgment in the Indiana Action supports the finding that Rees sold his New York home for $999,999 and purchased property in Indiana through a foreign trust—indicating access to substantial assets. [Rosenfeld Decl., ¶ 7.a, Ex. 8.] It also supports the finding that Rees transferred a Tesla vehicle to a Wyoming LLC, further demonstrating means beyond his SAG-AFTRA residual income. [*Id.*] While the residual payments of approximately $45,387 per year represent a meaningful income stream, Rees's access to other assets indicates that the residuals are not required for his basic living expenses.

Since Rees has not presented evidence that he lacks other substantial means of support, and since he has engaged in a pattern of concealing assets rather than satisfying his obligations, this factor weighs in favor of an assignment order.

### 4.    Payments The Judgment Debtor Is Required to Make

Finally, courts examine "[p]ayments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support."  Cal. Civ. Proc. Code § 708.510(c). On information and belief, Plaintiff is not aware of any other judgments against Rees's SAG-AFTRA residual payments that would take priority. [Rosenfeld Decl., ¶ 11.] *See Nat'l Grange of Order of Patrons of Husbandry*, 2017 WL 953792, at *2 (granting assignment motion where defendant had "not alerted the court to any judgments or assignments" that were relevant). Therefore, this factor weighs in favor of Plaintiff.

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an assignment order assigning Rees's interest in the SAG-AFTRA residual payments to Plaintiff, including all payments made directly to Rees or for his

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER**

benefit to any loan-out company or other entity he owns or controls (including but not limited to Monkey Toes).

### B.       Plaintiff Is Entitled to a Restraining Order

Plaintiff also respectfully requests that this Court enter a restraining order against Rees preventing him from assigning or otherwise disposing of his interest in the SAG-AFTRA residual payments, whether such payments are made directly to him or to any entity for his benefit (including but not limited to Monkey Toes).

There is a "low threshold for showing need" for such a restraining order. *See Innovation Ventures, LLC v. N2G Distributing, Inc.*, No. SACV 12-717 ABC (Ex), 2014 WL 10384606, at *7 (C.D. Cal. May 1, 2014); *see also Telecom Asset Mgmt., LLC v. FiberLight, LLC*, No. 14-CV-00728-SI, 2016 WL 7188008, at *2 (N.D. Cal. Dec. 12, 2016). Courts have found that a failure to voluntarily make any payments toward a judgment demonstrates the requisite need for a restraining order. *See Innovation Ventures*, 2014 WL 10384606, at *7 ("[The judgment debtors'] failure to voluntarily satisfy the judgment against them sufficiently demonstrates a need to protect the assigned rights to payment from transfer or disposition by [the judgment debtors].''); *Telecom Asset Mgmt.*, 2016 WL 7188008, at *5 (finding judgment creditor demonstrated need for restraining order "based largely on [judgment debtor's] unwillingness to pay or post a bond"). Courts have also issued restraining orders "to ensure that the assigned rights to payment are available for satisfaction of the judgment." *Smaato, Inc. v. Mobilewalla, Inc.*, No. 16-CV-05162-JSC, 2017 WL 7243373, at *2 (N.D. Cal. Apr. 12, 2017).

Here, Rees has not made any voluntary payments toward the judgment, and a restraining order is necessary to ensure that his interest in the SAG-AFTRA residual payments is available to satisfy the judgment. Moreover, Rees has demonstrated a pattern of concealing and transferring assets to avoid his obligations—in that the judgment is based on allegations that he sold his New York home and purchased Indiana property through a foreign trust, and transferred his

14

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER**

Tesla to a Wyoming LLC. This pattern of asset concealment strongly supports the need for a restraining order to prevent Rees from similarly assigning or disposing of his right to receive residual payments from SAG-AFTRA—whether paid directly to him or through his loan-out company, Monkey Toes, or any other entity.

A restraining order would prevent Rees "from doing only that which [he] would have no right to do in the first instance"—namely, assigning the right to payment from the SAG-AFTRA residual payments to a third party to avoid satisfying the judgment.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter:

(1) An Assignment Order assigning to Plaintiff all residual payments that SAG-AFTRA is obligated to pay to Defendant Jonathan Rees, or for his benefit to any loan-out company or other entity he owns or controls (including but not limited to Monkey Toes), until the judgment is satisfied; and

(2) A Restraining Order preventing Rees from assigning or otherwise disposing of his right to receive residual payments from SAG-AFTRA, whether such payments are made directly to him or to any entity for his benefit.


DATED:  June 25, 2026                    BLANK ROME LLP


                                         By: */s/ Jeffrey Rosenfeld*
                                             Jeffrey Rosenfeld
                                             Attorneys for Plaintiff Jane Doe

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Jane Doe ("Doe"), certifies that this brief contains 3,448 words, which complies with the word limit of L.R. 11-6.1.

DATED:  June 25, 2026              BLANK ROME LLP


                                  By: /s/Jeffrey Rosenfeld
                                      Jeffrey Rosenfeld
                                  Attorneys for Plaintiff Jane Doe

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 25, 2026, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on June 25, 2026.

By:   /s/AJ Cruickshank

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ASSIGNMENT ORDER AND RESTRAINING ORDER**